UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEUNDRA HICKS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4356** |
| **BP EXPLORATION & PRODUCTION, INC. ET AL.** | **SECTION: H(5)** |

### ORDER AND REASONS

Before the Court is the Motion for Summary Judgment (Doc. 50) filed by Defendants BP Exploration & Production, Inc.; BP America Production Company; BP p.l.c.; Halliburton Energy Services, Inc.; Transocean Holdings LLC; Transocean Deepwater, Inc.; and Transocean Offshore Deepwater Drilling, Inc. (collectively, "Defendants"). For the following reasons, this Motion is **GRANTED**.

### BACKGROUND

This case is one among the "B3 bundle" of cases arising out of the *Deepwater Horizon* oil spill.[1] This bundle comprises "claims for personal injury and wrongful death due to exposure to oil and/or other chemicals used during

---

[1] *See* In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, No. 10-md-02179, R. Doc. 26924 at 1 (E.D. La. Feb. 23, 2021).

1

the oil spill response (e.g., dispersant)."[2] These cases were originally part of a multidistrict litigation ("MDL") pending in the Eastern District of Louisiana before Judge Barbier. During this MDL, Judge Barbier approved the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement, but the B3 plaintiffs either opted out of this agreement or were excluded from its class definition.[3] Subsequently, Judge Barbier severed the B3 cases from the MDL to be reallocated among the judges of this Court.[4] This case was reassigned to Section H.[5]

Plaintiff Keundra Hicks alleges continuous exposure to harmful substances and chemicals that occurred in June of 2010 in Pascagoula, Mississippi as a result of the oil spill and subsequent cleanup efforts.[6] Plaintiff claims to suffer from "headaches, shortness of breath, sinus symptoms, nausea, and heat exhaustion," among other symptoms, because of the exposure.[7] Plaintiff asserts claims under the general maritime law of negligence, negligence per se, and gross negligence with respect to the spill and its cleanup.[8]

Now before the Court is Defendants' Motion for Summary Judgment.[9] Defendants argue that Plaintiff failed to produce sufficient expert testimony

---

[2] *Id.*
[3] *Id.* at 2 n.3.
[4] *Id.* at 7–8.
[5] *See* Doc. 6.
[6] *See* Doc. 1-1 at 5.
[7] *Id.*
[8] *See* Doc. 31 at 7–15.
[9] *See* Doc. 53.

before the deadline to do so to prove that exposure to oil or dispersants caused her alleged injuries.[10] Plaintiff opposes.[11]

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[12] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[13]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor.[14] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[15] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[16] "In response to a properly supported motion for summary judgment, the non-movant must

---

[10] *Id.* at 1.
[11] *See* Doc. 52.
[12] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[13] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[14] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[15] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[16] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[17] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[18] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[19]

## LAW AND ANALYSIS

Defendants move for summary judgment on the grounds that Plaintiff cannot prove that exposure to oil or dispersants was the legal cause of her alleged injuries.[20] Defendants argue that Plaintiff cannot do so because she produced no expert testimony to support her claims before the deadline to do so, and in a toxic tort case such as this, expert testimony as to causation is required.[21] Plaintiff counters that despite missing the deadline, the expert reports would be exchanged soon.[22]

Plaintiff has the burden of proving causation. "B3 plaintiffs must prove that the legal cause of the claimed injury or illness is exposure to oil or other

---

[17] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[18] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[19] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[20] *See* Doc. 43-3 at 1.
[21] *See id.* at 5.
[22] *See* Doc. 52.

4

chemicals used during the response."[23] "Under the general maritime law, a party's negligence is actionable only if it is a 'legal cause' of the plaintiff's injuries. [L]egal cause is something more than 'but for' causation, and the negligence must be a 'substantial factor' in the injury."[24] In general, "when the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required to prove causation."[25] Here, the causal connection between exposure to oil or dispersants and Plaintiff's injuries of headaches, shortness of breath, sinus symptoms, nausea, and heat exhaustion is not within the common knowledge of a layperson. "In a toxic tort suit such as this one, the plaintiff must present admissible expert testimony to establish general causation as well as specific causation."[26]

Plaintiff's deadline for expert disclosures and reports was March 6, 2022.[27] Plaintiff neither met this deadline nor moved for its extension. Almost two months after this deadline, Plaintiff filed a list of witnesses that included Jerald Cook, M.D. as an expert on causation. However, Plaintiff failed to produce Dr. Cook's report by the deadline to do so. Therefore, Plaintiff cannot

---

[23] *In Re: Oil Spill*, No. 10-md-02179, R. Doc. 26924 at 4.
[24] Donaghey v. Ocean Drilling & Expl. Co., 974 F.2d 646, 649 (5th Cir. 1992) (internal quotations omitted).
[25] Lassiegne v. Taco Bell Corp., 202 F. Supp. 2d 512, 524 (E.D. La. 2002); *see* Pfiffner v. Correa, 643 So. 2d 1228, 1234 (La. 1994).
[26] Seaman v. Seacor Marine LLC, 564 F. Supp. 2d 598, 600 (E.D. La. 2008), *aff'd sub nom.* Seam v. Seacor Marine L.L.C., 326 Fed. Appx. 721 (5th Cir. 2009); *see also* Banegas v. BP Expl. & Prod., Inc., No. 17-7429, 2019 WL 424683, at *2 (E.D. La. Feb. 4, 2019); Williams v. BP Expl. & Prod., Inc., No. 18-9753, 2019 WL 6615504, at *11 (E.D. La. Dec. 5, 2019).
[27] *See* Doc. 44.

prove a necessary element of her claims against Defendants.[28] Additionally, this section of the Court, as well as other sections, have excluded Dr. Cook's report, even when produced timely.[29]

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 50) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 9th day of August, 2022

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[28] This Court notes that despite the March 6, 2022 deadline for expert reports, the Court still has not received notice that said reports have been produced, as of August 9, 2022.

[29] *See* Doc. 67, Chester C. Reed v. BP Expl. & Prod., Inc. et al., No. 17-3603 (E.D. La. Aug. 4, 2022); Johns v. BP Expl. & Prod. Inc., No. 17-3304, 2022 WL 1811088 (E.D. La. June 2, 2022) (Ashe, J.); Coleman v. BP Expl. & Prod., Inc., No. 17-4158, 2022 WL 2314400 (E.D. La. June 28, 2022) (Vance, J.); *McIntosh*, 2022 WL 2342480 (Barbier, J.); Harrison v. BP Expl. & Prod. Inc., No. 17-4346, 2022 WL 2390733 (E.D. La. July 1, 2022) (Morgan, J.); *Davis*, 2022 WL 2789027 (Zainey, J.).